UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVON JOHNSON,

    Plaintiff,

                                  Case No. 25-10941

v.

                                  HON. JONATHAN J.C. GREY

MARLAYNA SCHOEN et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 7)

**I. INTRODUCTION**

On April 2, 2025, pro se Plaintiff Davon Johnson filed this action against the defendants alleging fraudulent concealment; wrongful foreclosure; breach of contract; and violations of the Truth in Lending Act, federal racketeering laws, and the Uniform Commercial Code, all related to a home he purchased in 2022. (ECF No. 1.) Defendants have not yet been served.

On April 11, 2025, Johnson filed an ex parte motion for temporary restraining order. (ECF No. 7.) Johnson seeks to block federal funding to the State of Michigan pursuant to the Spending Clause (Article I, Section

8, Clause 1 of the United States Constitution) for deprivation of civil rights against state citizens. (*Id.* at PageID.55–57.) Johnson states that the State of Michigan committed real estate fraud and violated his due process rights because the laws are not valid, all of which were ratified by a state court judge, Defendant Kathleen-G Galen. (*Id.* at PageID.56.) For the reasons that follow, the Court **DENIES** Johnson's motion.

## II.   LEGAL STANDARD

Four factors must be balanced and considered before the Court may issue a temporary restraining order or preliminary injunction: (1) the likelihood of the plaintiff's success on the merits; (2) whether plaintiff will suffer irreparable injury without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction. *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). "[T]he four factors are not prerequisites to be met, but rather must be balanced as part of a decision to grant or deny injunctive relief." *Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995); *see also Southern Glazer's Distrbs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("these are factors to be balanced, not

prerequisites to be met."). In making its determination, the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).

## III. ANALYSIS

The Court finds that the relief requested in Johnson's motion for temporary restraining order is not available in this action. First, it is unclear the basis upon which Johnson is asking the Court to block federal funding. Second, Johnson does not cite any authority that gives the Court the power to grant the relief requested.

Third, it appears that Johnson is challenging the failure to deliver a property deed to him (ECF No. 7, PageID.56) and that there is an underlying state court action, although it is unclear whether that proceeding is ongoing or closed. (*See* ECF No. 5, PageID.41 (Notice of Removal) (Johnson claims that he is removing "Case #: 2025-001353-NZ, assigned to the Honorable Toia, Joseph, . . . from 16th Circuit Court in Macomb County Michigan.").) Pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See, e.g., Gilbert v. Ill.*

*Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment"). Alternatively, if the state court proceeding is ongoing and there are vital state interests involved (such as matters involving real property, which Johnson references in his filings), "a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citations and internal quotations omitted).

Similarly, as the Supreme Court has held, federal courts may abstain from hearing a case solely because there is similar litigation pending in state court. *Colorado River Water Conserv. Distr. v. United States,* 424 U.S. 800, 818 (1976). "[A] federal court may defer to a parallel concurrent state court proceeding, when the decision to do so is 'based on wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Taylor v. Campanelli*, 29 F. Supp. 3d 972, 976 (E.D. Mich. 2014) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). In this case, there appears to be a substantial likelihood that there is a parallel

4

concurrent state court proceeding in which Johnson can pursue the same claims.

Fourth, it is well-established law that judges are absolutely immune from suits arising out of the performance of their judicial functions. *See, e.g., Pulliam v. Allen*, 466 U.S. 522 (1984) (judicial immunity is a bar to a Section 1983 claim for damages, but not necessarily a Section 1983 claim for prospective injunctive relief); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (same). See also Federal Courts Improvement Act of 1996, Pub. Law No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996) (forbidding injunctive relief absent a violation of a declaratory decree or the unavailability of declaratory relief, therefore effectively – if not formally – extending absolute judicial immunity to claims for injunctive relief). Accordingly, Johnson's claims against Defendants Kathleen G. Galen and Joseph Toia will not survive.

For reasons stated above, the Court finds that Johnson has not demonstrated that there is a substantial likelihood that he will prevail on the merits of his cause of action in this Court. In addition, Johnson has not explained how he is subject to any irreparable harm, nor has he addressed whether granting the injunction will cause substantial harm

to others or whether the public interest will be advanced by issuing the injunction.

Therefore, upon a finding that Johnson has not established any of the four factors for granting injunctive relief, the Court concludes that Johnson has not satisfied his burden of showing that he is entitled to a temporary restraining order.

## IV.  CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Johnson's motion for temporary restraining order (ECF No. 7) is **DENIED**.

SO ORDERED.

Date: April 16, 2025

<u>s/Jonathan J.C. Grey</u>
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2025.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager